

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00363-CR

JERRY DANIEL SPILLMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. DC78-CR2022-0687, Honorable Meredith Kennedy, Presiding[1]

February 25, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[2]  In September 2023 pursuant to a plea agreement, Appellant, Jerry Daniel Spillman, was placed on deferred adjudication community

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

supervision for ten years for aggravated assault against a public servant, enhanced,[3] with an affirmative finding on use of a deadly weapon, to-wit: a knife. In May 2025, the State moved to adjudicate guilt alleging numerous violations of the conditions of community supervision. At a contested hearing on the State's motion, Appellant pled true to some but not all of the allegations. After hearing testimony from Appellant's community supervision officer, a police officer who arrested Appellant on a new charge, and from Appellant, the trial court found most of the allegations to be true. The court then adjudicated Appellant guilty of the original charge, found the enhancement paragraph to be true, made an affirmative finding on use of a deadly weapon, and pronounced a sentence of confinement for fifteen years.

In support of his motion to withdraw, counsel certifies he has conducted a professional evaluation of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity

---

[3] TEX. PENAL CODE §§ 22.02(b)(2)(B), 12.42(c)(1).

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with

to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a response.

By the *Anders* brief, counsel evaluates potential issues but then candidly concedes he is unable to find any meritorious issues to advance on appeal and concludes the appeal is frivolous.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's *Judgment Adjudicating Guilt* is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.

---

notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.